ORIGINAL

<u>DANIEL CASTANEDA-MARTINEZ</u>
Name

<u>43592-048</u>
Prison Number

<u>FCI Englewood</u>
Place of Confinement

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:08CR00347

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO._____ |
| ) | (To be supplied by the Clerk) |
| vs. ) | |
| ) | MOTION PURSUANT TO |
| DANIEL CASTANEDA-MARTINEZ, ) | 28 U.S.C. §2255 TO VACATE, |
| ) | SET ASIDE OR CORRECT |
| ) | SENTENCE BY A PERSON IN |
| <u>Defendant</u>, Movant. ) | FEDERAL CUSTODY |

(If movant is attacking a sentence based on a federal conviction to be served in the **future**, the motion should be filed in the federal court which entered the judgment.)

1) Name and location of the court which entered the judgment of conviction under attack: <u>U.S. Dist. Court, Dist. of Nevada (Las Vegas),</u>
<u>333 Las Vegas Blvd. South, Las Vegas, NV 89101</u>.

2) Date judgment of conviction was entered: <u>02/02/2010</u>.

3) Case number: <u>2:08-cr-00347-JCM-PAL-3</u>.

4) Length and terms of sentence: <u>235 months; 5 years supervised</u>
<u>release.</u>

1

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?
Yes ☐        No ☒

6) Name of the judge who imposed sentence under attack in this motion: _____
   Hon. James C. Mahan

7) Nature of the offense involved (all counts): Count 1: 21:846 & 841(a)(1), (a)(1)(A)(viii)-Consp. to distr. a controlled subst.; Count 2: 21:841(a)(1), (b)(1)(A)(viii)- Poss. w/ intent to distr. methamphetamine.

8) What was your plea? **(check one)**
   a)   Not Guilty ☐       b) Guilty ☒        c) Nolo Contendere ☐

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement: Plea to Count 1: 235 month commitment; 5 yrs. supervised release.

10) If you were found guilty after a plea of not guilty, was the finding made by: **(check one)**

    a) A jury ☐         b) A judge without a jury ☐

11) Did you testify at trial (if any)?   Yes ☐         No ☒

12) Did you **appeal** from the judgment of conviction?   Yes ☒       No ☐

13) If you did appeal, answer the following:

    a) State the name and location of the court where the appeal was filed, the result, the case number and the date of the court's decision (or attach a copy of the court's opinion or order): See attachment, labeled "A".

    b) State the issues raised: (1) The Court erred in denying a downward adjustment of offense level for acceptance of responsibility per USSG, Sect. 3E1.1.   (2) The Court erred in an upward adjustment for reckless endangerment per USSG, Sect. 3C1.2.

14) If you did not appeal, explain briefly why you did not: _____

_____
_____
_____

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed in any federal court any petitions, applications or motions with respect to the judgment under attack in this motion? Yes ☐   No ☒

16) If your answer to question 15 was "Yes", give the following information:

    a) As to the first petition, application or motion:

        1) Name of court:_____

        2) Nature of proceeding:_____

        3) Issues raised:_____
        _____
        _____

        4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes ☐   No ☐

        5) Result:_____

        6) Date of result:_____
        7) Did you appeal the result to the federal appellate court having jurisdiction? Yes ☐   No ☐   If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order):_____
        _____
        _____

        8) If you did not appeal, briefly explain why you did not:
        _____
        _____

    b) As to any second petition, application or motion, give the following information:

1) Name of court:_____

2) Nature of proceeding:_____
3) Issues raised:_____
_____
_____

4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ☐     No ☐

5) Result:_____

6) Date of result:_____

7) Did you appeal the result to the federal appellate court having jurisdiction?  Yes ☐   No ☐   If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order): _____
_____
_____
_____

8) If you did not appeal, briefly explain why you did not:
_____
_____
_____

c) As to any third petition, application or motion, give the following information:

1) Name of court:_____

2) Nature of proceeding:_____
3) Issues raised:_____
_____
_____

4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ☐     No ☐

5) Result:_____

6) Date of result:_____

7) Did you appeal the result to the federal appellate court having jurisdiction? Yes ☐ No ☐ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order): _____

_____

_____

_____

8) If you did not appeal, briefly explain why you did not:

_____

_____

_____

17) State **concisely** every ground on which you claim that you are being held unlawfully. Summarize **briefly** the **facts** supporting each ground. If necessary, you may attach up to two extra pages (8 ½" x 11") stating additional grounds or supporting facts. You should raise in this motion all available grounds for relief which relate to the conviction under attack.

   a) Ground One: <u>See attachment, labeled page "10"</u>

   _____

   1) Supporting facts (tell your story briefly without citing legal authority or argument):

   2) Has this ground been previously presented to any federal court by way of petition for writ of habeas corpus, motion pursuant to 28 U.S.C. § 2255, or any other petition, motion or application?
   Yes ☐       No ☒

      a) If your answer is "Yes", indicate which type of proceeding you used to present this ground:_____

      b)      If your answer is "No", state briefly your reason(s) for not presenting this ground:_____

                          _____

b)      Ground Two: _See attachment, labeled page "10"._

                 _____

       1)      Supporting facts (tell your story briefly without citing legal authority or argument):

       2)      Has this ground been previously presented to any federal court by way of petition for writ of habeas corpus, motion pursuant to 28 U.S.C. §2255, or any other petition, motion or application?
Yes ☐       No ☒

             a)      If your answer is "Yes", indicate which type of proceeding you used to present this ground:_____

             b)      If your answer is "No", state briefly your reason(s) for not presenting this ground:_____

                          _____

c)      Ground Three: _See attachment, labeled page "10"._

       1)     Supporting facts (tell your story briefly without citing legal authority or argument):

       2)     Has this ground been previously presented to any federal court by way of petition for writ of habeas corpus, motion pursuant to 28 U.S.C. §2255, or any other petition, motion or application?  Yes ☐  No ☒

            a)     If your answer is "Yes", indicate which type of proceeding you used to present this ground:_____

            b)     If your answer is "No", state briefly your reason(s) for not presenting this ground:_____

d)     Ground Four:_____

       1)     Supporting facts (tell your story briefly without citing legal authority or argument):

    2)    Has this ground been previously presented to any federal court by way of petition for writ of habeas corpus, motion pursuant to 28 U.S.C. §2255, or any other petition, motion or application? Yes ☐  No ☐

        a)    If your answer is "Yes", indicate which type of proceeding you used to present this ground:_____

        b)    If your answer is "No", state briefly your reason(s) for not presenting this ground:_____

18)    Do you have any petition, application, motion or appeal now pending in any court regarding the conviction under attack? Yes ☐  No ☒  If "Yes", state the name of the court and the nature of the proceeding: _____

19)    Were you represented by an attorney at any time during the course of your arraignment and plea, trial (if any), sentencing, appeal (if any), or during the preparation, presentation or consideration of any petitions, motions or applications which you filed with respect to this conviction? Yes ☒  No ☐  If "Yes", state the name(s) and address (es) of any such attorney(s), the proceedings in which you were so represented and whether said attorney(s) was/were of your own choosing or if appointed by the court: Trial: Micheal W. Sanft, 520 S. 4th St., Las Vegas, NV 89101 (CJA appt.); Appeal: Mario D. Valencia, 1055 Whitney Ranch Dr., Ste. 220, Henderson, NV 89014 (CJA appt.).

Wherefore, movant prays that the court grant him such relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

*/s/ David Arredondo*

David Arredondo
3232 Tyler Ave.
El Monte, CA 91731

Tel: 626 825-0003
(Attorney's full address and telephone number.)

Signature of Movant

*/s/ Daniel Castaneda-Martinez*

DANIEL CASTANEDA-MARTINEZ

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the movant in the above action, that he has read the above pleading and that the information contained therein is true and correct.
28 U.S.C. § 1746.  18 U.S.C. § 1621.

Executed at  Arcadia, CA  on  March 26,  , 20 12 .
                 (Location)                    (Date)

*Daniel Castaneda-Martinez*
(Signature)

*Signed by Attorney for and behalf of Movant and with his permission and authority to do so, and only after the specific facts contained therein have been read and discussed with him; and based, in addition thereto, on a review of the trial and appellate record, interview of witnesses and further investigation.

9

USA vs. CASTANEDA-MARTINEZ
Sect. 2255 Motion Attachment

17.
    a) <u>Ground One</u>: The Court erred in denying a downward adjustment of offense level for acceptance of responsibility.
    1) After commencement of trial defense counsel advised movant that a downward adjustment of offense level would be given, upon a plea of guilty, because this demonstrated an acceptance of responsibility. Prior to commencement of trial defense counsel did not present movant with a plea agreement, or if he did, it was not fully and completely understood as such by movant, who is Spanish-speaking only.

    b) <u>Ground Two</u>: The Court erred in its upward adjustment for reckless endangerment.
    1) It was alleged that movant deliberately crashed in an officer's vehicle, thereby engaging in the alleged reckless endangerment. In fact, the opposite occurred: the officer deliberately drove his vehicle into the path of movant's vehicle in an attempt to cut-off movant's forward progress. The areas where the vehicles were damaged and the resting place of the vehicles after the collision are consistent with movant's argument. At sentencing the matter was not well argued or adequately placed before the Court.
    As movant was coming to a stop in the lane next to the curb, a white SUV suddenly cut in front of movant's vehicle. The resulting crash and momentum of this action pushed movant's vehicle's front-end sideways, and into the curb, causing the right front rim of the vehicle to strike the curb. Damage to the right front rim is clearly visible in photographs of the movant's vehicle (introduced at trial, or provided in discovery).
    Had movant deliberately crashed into the SUV, as alleged, his straight ahead driving would have caused forward momentum, and as such, could not have resulted in the movant's vehicle coming to rest in a sideways position, against the curb. This physical evidence clearly supports movant's allegations in this regard.

    c) <u>Ground Three</u>: Movant's counsel failed to adequately investigate the defense.
    1) Co-defendant Jose Ramirez-Alvarez, wanted to testify or provide evidence that movant was not involved in the alleged crimes and that movant was only giving him a ride on the day of their arrests. Movant provided his counsel with this information and he failed to investigate the matter or submit evidence in this regard. (See attached letter from Ramirez –Alvarez absolving movant of the alleged crimes, labeled page 11).

To Daniel from your friend Jose. You've never let me down. Look here brother in law don't think that I wanted for this to happen to you I feel so bad you had nothing to do with all of this it was for my bro in law Calabaza But about the pick up truck don't worry when you get out ill see what we can do to pay you for it because you're paying for something that you shouldn't owe anything for and I feel bad for your family and that your wife is waiting and I feel ashamed my bro in law but this is where we're at and what else can we do I've already told them that you have nothing to do with all this so can let you go. Well Daniel that's it I'm sending you my address so that you can write to me and let me know how you're doing

Jose Ramirez
BK 329908-C-1-49-D
2332- Las Vegas Blvd North
Ste 200 North Las Vegas  NV 89030

I certify that this is a correct true and accurate translation from Spanish to English. 3/27/2012   Matias M. Pizarro, Federal Interpreter #10-058

11



**FILED**

NOT FOR PUBLICATION

MAR 29 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-10041 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00347-JCM-PAL-3 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| DANIEL CASTANEDA-MARTINEZ, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-10043 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00347-JCM-PAL-2 |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN NUNEZ-ROMERO, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-10046 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00347-JCM-PAL-1 |
| | ) | |
| v. | ) | |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

|  |  |  |
|---|---|---|
| RAYMUNDO ARIAS-CEJA, AKA ) | | |
| Alejandro Delgadillo, AKA ) | | |
| Armondo Valencia-Chavez, ) | | |
| ) | | |
| Defendant – Appellant. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | No. 10-10086 | |
| ) | | |
| Plaintiff – Appellee, ) | D.C. No. 2:08-cr-00347-JCM-PAL-4 | |
| ) | | |
| v. ) | | |
| ) | | |
| JOSE RAMIREZ-ALVAREZ, ) | | |
| ) | | |
| Defendant – Appellant. ) | | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 15, 2011[**]
San Francisco, California

Before:   WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Daniel Castaneda-Martinez, Raymundo Arias-Ceja, and Juan Carlos Nunez-Romero appeal their sentences after their convictions upon guilty pleas to the crime

---

[**]United States v. Castaneda-Martinez, United States v. Nunez-Romero, and United States v. Arias-Ceja submitted without argument. United States v. Ramirez-Alvarez argued and submitted.

2

of conspiracy to possess drugs with intent to distribute them. See 21 U.S.C. § 846. Jose Ramirez-Alvarez appeals the district court's denial of his motion to withdraw his guilty plea to the same conspiracy charges. We affirm.

(1)   Castaneda, Arias and Nunez all assert that the district court erred when it denied them a downward adjustment to their offense levels under the United States Sentencing Guidelines for their acceptance of responsibility. See USSG §3E1.1.[1] We disagree. Because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility,"[2] while we do review its findings for clear error,[3] we accord it "great deference."[4] The burden of clearly demonstrating acceptance of responsibility is upon the defendant,[5] and, here, no clear demonstration was forthcoming. The defendants did not fall within the "rare situations" commentary because they pled before they were actually convicted.

---

[1] All references to the Sentencing Guidelines are to the November 1, 2009, version.

[2] USSG §3E1.1, comment. (n.5); see also United States v. Mara, 523 F.3d 1036, 1038 (9th Cir. 2008).

[3] See United States v. Alba-Flores, 577 F.3d 1104, 1107 (9th Cir. 2009).

[4] USSG §3E1.1, comment. (n.5); see also United States v. Vance, 62 F.3d 1152, 1157 (9th Cir. 1995).

[5] See USSG §3E1.1(a); see also United States v. Lopez-Patino, 391 F.3d 1034, 1038 (9th Cir. 2004).

3

See USSG §3E1.1, comment. (n.2). Nor did they fall within the "significant evidence of acceptance" commentary because they did not plead "prior to the commencement of trial." Id. at comment. (n.3). What remained was the bare fact that they did plead guilty, and their weak statements of apology.[6] The district court did not err in determining that was not sufficient to carry their burden.

(2)   Nunez then asserts that he was entitled to a two point downward adjustment for his allegedly minor role. See USSG §3B1.2. We disagree. He bore the burden of proving that he was entitled to that adjustment,[7] and while he might well have shown that he was less culpable than certain of the other defendants, the district court did not clearly err when it determined that he was not "substantially less culpable."[8]

(3)   Nunez also asserts that the sentence imposed upon him was unreasonable, even though it was within the calculated guideline range. He asserts

---

[6] Incidentally, Castaneda did not even assert error at the district court, so we review his claim for plain error. See United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993); United States v. Gallegos, 613 F.3d 1211, 1213–14 (9th Cir. 2010).

[7] See Ajala v. U.S. Parole Comm'n, 997 F.2d 651, 656 (9th Cir. 1993).

[8] See USSG §3B1.2, comment. (n.3(A)); United States v. Rosas, 615 F.3d 1058, 1067 (9th Cir. 2010); United States v. Cantrell, 433 F.3d 1269, 1283 (9th Cir. 2006).

4

procedural error[9] based upon the same complaints about the guideline calculations that we have disposed of above. He asserts substantive unreasonableness[10] solely on the basis that a lesser sentence would have been appropriate, but a sentence within the guideline range, as his was, is usually reasonable,[11] and the facts of this case do not require a determination that his sentence fell outside of that normal expectation of reasonableness.

(4)   Castaneda argues that the district court erred when it gave him an upward adjustment for reckless endangerment. See USSG §3C1.2. We review for plain error,[12] because at the district court, far from making that objection, he agreed that the presentence report's recommendation was correct. Castaneda asserts that the district court was required to make specific findings of fact, but that is incorrect where, as here, no objection was made. See United States v. Ponce, 51 F.3d 820, 826 (9th Cir. 1995); see also United States v. Carter, 560 F.3d 1107, 1119 (9th Cir. 2009); United States v. Rigby, 896 F.2d 392, 394 (9th Cir. 1990). On the facts of this case — Castaneda's ramming an occupied police car with his car — we see no

---

[9] See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

[10] See id.

[11] See id. at 994.

[12] See United States v. Waknine, 543 F.3d 546, 551 (9th Cir. 2008).

5

error in the district court's determination, much less plain error.[13] See United States v. Reyes-Oseguera, 106 F.3d 1481, 1483–84 (9th Cir. 1997); United States v. Cordova Barajas, 360 F.3d 1037, 1044 (9th Cir. 2004).

(5)   Ramirez asserts that the district court abused its discretion[14] when it denied his motion to withdraw his guilty plea. It did not. He had the burden of demonstrating a "'fair and just reason'" for his request and he did not do so.[15] He asserts that the plea colloquy indicates that he did not understand the nature of the charges against him. Our review of the transcripts belies that assertion; the district court was careful to make sure that he did understand before it accepted his plea.[16] He also argues that the district court erred when taking his plea because it did not specifically state that it would consider sentencing factors under 18 U.S.C. § 3553(a). See Fed. R. Crim. P. 11(b)(1)(M). That objection was not brought to

---

[13] We decline to consider Castaneda's claim that his counsel was ineffective. He must raise that claim in a 28 U.S.C. § 2255 proceeding, if at all. See United States v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000); United States v. Andrews, 75 F.3d 552, 557 (9th Cir. 1996).

[14] See United States v. Briggs, 623 F.3d 724, 727 (9th Cir. 2010).

[15] Id. at 728 (quoting Fed. R. Crim. P. 11(d)(2)(B)).

[16] Any suggestion that he did not appreciate the possible length of his sentence is otiose. He was clearly told what that possible length was and acknowledged that fact. His suggestion that he was not communicating well with his counsel is similarly insubstantial where, as here, he has given no indication of what that failure actually amounted to.

the district court's attention, so we review for plain error. See United States v. Benz, 472 F.3d 657, 658–59 (9th Cir. 2006). The district court did specifically explain to him that it had the discretion to impose what it "consider[ed] to be a reasonable sentence" and could even exceed the guideline calculation in doing so. In light of that, it is doubtful that there was any error at all, and, certainly, none of Ramirez's substantial rights were violated. See Olano, 507 U.S. at 734–35, 113 S. Ct. at 1777–78. He has not shown any fair and just reason to withdraw his plea.

AFFIRMED.